UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY NELSON<br><br>Plaintiff,<br><br>v.<br><br>GREGORY FUNDING, LLC<br><br>And<br><br>TIMOTHY D. PADGETT, P.A.<br>D/B/A PADGETT LAW GROUP<br><br>Defendant(s). | Civil Case No: _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT -- CLASS ACTION

## PRELIMINARY STATEMENT

1.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiffs"), by and through their attorneys, alleges that the Defendant, GREGORY FUNDING, LLC engaged in a scheme to improperly defraud and overcharge customers through the improper and illegal use of 'suspense' accounts in its servicing of residential mortgage loan. As set forth in more detail, GREGORY FUNDING, LLC engaged in a systemic practice of taking timely mortgage payments and, rather than applying these payments towards the mortgage balance, GREGORY FUNDING, LLC applied these payments a 'suspense' account. Days later, after the mortgage payment grace period had passed, GREGORY FUNDING, LLC would then transfer money from the illegal suspense account and apply the payment to its customers' mortgage. GREGORY FUNDING, LLC would then charge an additional late fee for the allegedly 'late' payment. Defendant PADGETT

then acted as GREGOR FUNDING's agent to collect the improper loan charges via a foreclosure action.

## JURISDICTION AND VENUE

2. Jurisdiction arises and is proper under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendants that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are as defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff GARY NELSON is a natural person, residing in Bucks County, Pennsylvania at 1217 Shetland Court, Yardley, PA 19067, and is, at all times herein, a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. GREGORY FUNDING, LLC ("GREGORY FUNDING") is a professional business corporation with a place of business at 13190 SW 68th Parkway, Suite 200, Tigard, OR 97281. GREGORY FUNDING is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6) because it regularly collects or attempts to collect debts owed or asserted to be owed to another and it obtained the servicing rights to Plaintiffs' mortgage—the debt that is the subject of this suit—after it was allegedly in default.

7. TIMOTHY D. PADGETT, P.A. D/B/A ADGETT LAW GROUP ("PADGETT") is a law firm maintaining a principal office location at 700 Darby Road, Suite 1, Havertown, PA 19083. PADGETT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6) because

it uses the instrumentalities of interstate commerce or the mails to engage in its specialized principal business of collecting consumer debt and regularly engages in the collection or attempted collection of debts asserted to be due or owed to another describing itself as "experienced and recognized subject-matter experts" in "foreclosure" and "consumer and credit collections"[1].

## STATEMENT OF FACTS

8. On or about January 2003, Plaintiff obtained a mortgage on this home through Cendant Mortgage. Plaintiff's mortgage provided for the payment of principal and interest only and was not an escrowed loan.

9. Servicing of the mortgage was subsequently transferred to Ditech Financial.

10. In or about 2018, Ditech Financial claimed that Plaintiff's homeowner's insurance policy had lapsed and Ditech placed a forced-placed insurance policy on Plaintiff's home.

11. Plaintiff promptly disputed the escrow charges with Ditech and provided proof to it that his homeowner's insurance coverage had not lapsed. See Exhibit **A**.

12. Despite receipt of the foregoing proof from Plaintiff, Ditech Financial continued to charge Plaintiff's loan account for forced-placed insurance.

13. Plaintiff's loan was subsequently transferred to Shellpoint Mortgage Servicing.

14. Shellpoint continued to charge Plaintiff's loan account for forced-placed insurance, despite Plaintiff's foregoing dispute and despite his providing proof of coverage.

15. In or around April 2021, Plaintiff filed suit against Shellpoint Mortgage Servicing based on the improper escrow charges. The case was indexed at Nelson v. Shellpoint Mortgage Servicing, No. MJ-07111-CV-0000101-2021.

---

[1] See https://www.padgettlawgroup.com/practices.html (accessed March 15, 2023).

16. On May 24, 2021, Judgment was granted in favor of plaintiff and against Shellpoint for $12,180.25 for the improper escrow charges.

17. Shellpoint failed to appeal the judgment.

18. Shellpoint did not credit Plaintiff's mortgage for the judgment and continued to claim that Plaintiff's mortgage was in default.

19. Servicing of Plaintiff's mortgage was subsequently transferred to GREGORY FUNDING.

20. GREGORY FUNDING not only maintained the improper escrow charges on Plaintiff's loan account, but also began charging Plaintiff's account interest on the improper escrow charges.

21. On or about February 11, 2023, Plaintiff subsequently disputed the escrow charges in a writing addressed to GREGORY FUNDING.

22. GREGORY FUNDING received this correspondence at the address it publishes to borrowers for such purposes.

23. On or about April 7, 2022, GREGORY FUNDING sent to Plaintiff a "Final Response" claiming that "Shellpoint… [has] no knowledge of such a judgment." See Exhibit **B**.

24. GREGORY FUNDING failed to conduct a reasonable investigation into Plaintiff's dispute by failing to credit his loan account for the judgment amount and remove the interest charges thereon.

25. At all times relevant herein, Plaintiff mailed his regular monthly mortgage payments to Ditech, Shellpoint and GREGORY FUNDING.

26. After it began servicing Plaintiff keeping his loan payments current, GREGORY FUNDING began applying Plaintiff's loan payments it received to a 'suspense' account.

27. GREGORY FUNDING then held each payment made by Plaintiff in a suspense account for his loan.

28. After holding each payment for the loan's contractual grace period for making of periodic payments, GREGORY FUNDING then applied the payments to Plaintiff's account rendering them contractually late.

29. Having improperly held and the applied Plaintiff's payments to render them artificially late, GREGORY FUNDING charged Plaintiff's loan account an improper and illegal late fee.

30. By way of example, attached as Exhibit **C** is a mortgage statement from September 20, 2022, showing that, on September 12, 2022, GREGORY FUNDING cashed Plaintiff's check and applied the payment in the amount of $1,246.56 to "Suspense Fund".

31. Days later, after the September grace period/late payment deadline, GREGORY FUNDING then:

    a. Applied the suspense funds to an "installment" payment on Plaintiff's account. GREGORY FUNDING.

    b. Charged a late payment of $59.36, despite the fact that Plaintiff's payment was timely.

32. On or about July 28, 2022, PADGETT filed a state foreclosure complaint on behalf of GREGORY FUNDING to attempt to foreclose on Plaintiff's home. A true and correct copy of the Complaint is attached as Exhibit **D**.

33. Padgett and Gregory included the improper escrow charges, interest on those charges, as well as the bogus late fees improperly imposed for Plaintiff's timely payments.

**POLICIES AND PRACTICES COMPLAINED OF**

34. It is each Defendants' policy and practice to send written collection communications, e.g. in the form annexed hereto as **Exhibit C** and/or **Exhibit D**, which violate the FDCPA, by *inter alia* using false, deceptive or misleading representations or means in connection with the collection of a debt.

35. Defendants have sent written communications, e.g. in the form annexed hereto as **Exhibit C** and/or **Exhibit D**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

**CLASS ACTION ALLEGATIONS**

36. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of themselves and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent written collection communications from the Defendants in violation of the FDCPA, as described in this Complaint.

37. This Action is properly maintained as a class action regarding the FDCPA claims. The FDCPA Class is initially defined as:

> All consumers who reside in the United States who (i) owed a monthly periodic payment towards a consumer mortgage loan debt to GREGORY FUNDING, (ii) received a mortgage statement or other written collection demand from GREGORY FUNDING or PADGETT as an attempt to collect a debt for interest and late charges in the year proceeding the commencement of this action, (iii) the interest and late charges were assessed to a consumer's mortgage loan account by GREGORY FUNDING as a result of GREGORY FUNDING receiving the monthly periodic payment prior to the contractual grace period/late payment deadline and applying

it thereafter to the consumer's mortgage loan account, and (iv) GREGORY FUNDING consequently imposed late fees and other charges.

The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

38. The FDCPA Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard collection practice involving at least fifty (50) persons.

    b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA;

        ii. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

   c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

   d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

39.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

40.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

41.    Defendant(s) have acted on grounds generally applicable to the entire FDCPA Class, thereby making appropriate final relief with respect to the Class as a whole.

**<u>COUNT I</u>**
**FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS,**
**15 U.S.C. §** *et seq***.**
**(Class Claim Against Both Defendants)**

42.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

43. GREGORY FUNDING is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6) in relation to the Plaintiff and GREGORY FUNDING Class members since it acquired its collection interest in the loans of the FDCPA members and Plaintiff when the loans were in default as a result of its servicing actions described herein. GREGORY FUNDING also seeks to collect on each of the mortgage debts of the class members on behalf of others—the loan's owner, Barclays Mortgage Trust 2021-NPL1 through its trustee, U.S. Bank N.A.—who hired it to serve as its collector. For these reasons, and because GREGORY FUNDING's business materially involves the collection of mortgage debts acquired in default on behalf of others, GREGORY FUNDING is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

44. When GREGORY FUNDING acquired the servicing and collection rights, to act on behalf of BARCLAYS MORTGAGE TRUST 2021-NPL1 MORTGAGE-BACKED SECURITIES SERIES 2021-NPL1 for the Nelson Loan and other loans of the GREGORY FUNDING Class members, the loans were in default.

45. PADGETT is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6) in relation to the Plaintiff and the Class members since it collected or attempted to collect the loans of the FDCPA members and Plaintiff when the loans were in default. PADGETT also seeks to collect on each of the mortgage debts of the class members on behalf of others— GREGORY FUNDING —who hired it to serve as its collector. For these reasons, and because PADGETT's business materially involves the collection of mortgage debts acquired in default on behalf of others, PADGETT is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

46. The Nelson Loan and other loans of the class members are "debts" as defined by 15 U.S.C. § 1692a(5) in that it arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

47. Defendants collect, and attempt to collect, defaulted mortgage debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of the loans' owner(s) using the U.S. Mail, telephone, and Internet.

48. Mr. Nelson and the members of the CLASS are, at all times relevant to this lawsuit, "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

49. The Debt Collection foreclosure complaint, letters, and Statements sent to the Plaintiff and the Class members are "communications" as defined by 15 U.S.C. § 1692a(2).

50. The Debt Collection foreclosure complaint, letters and Statements sent to the Plaintiff and the Class members were sent by persons employed by Defendants in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

51. Defendants violated the FDCPA with respect to sending inaccurate letters, periodic statements, and foreclosure complaints to Plaintiff and the Class members as follows:

   a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

   b. Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. §§ 1692e and 1692e(10); and

c. Falsely portraying the amount of the debt due in violation of 15 U.S.C. § 1692e(2) by collecting or attempting to collect late and other charges caused by GREGORY FUNDING's untimely application of the periodic payments of plaintiff and the Class Members in violation of TILA, Reg. Z, § 1026.10(a).

52. Under Federal law, GREGORY FUNDING is required to send accurate periodic statements to the Plaintiff. However, as a matter of practice and custom, GREGORY FUNDING sent to the Plaintiff and the Class members inaccurate, periodic statements demanding payment of sums not due and owing from the Plaintiff and the Class members.

53. Alternatively, to the claims described in ¶¶ 47-52, Defendants' conduct violated 15 U.S.C. § 1692f.

54. Collection letters, foreclosure complaints, and mortgage statements, and/or other written notices, such as those sent by Defendants to the Plaintiff and Class members on behalf of another, as described herein, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. Defendant's false, misleading and deceptive statements are material to the least sophisticated consumer.

56. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors like GREGORY FUNDING.

57. GREGORY FUNDING's net worth exceeds $500,000.

58. Plaintiff and the Class members are entitled to statutory damages in this action in the sum of $500,000 (15 U.S.C. § 1692k(a)(2)(B)).

59. Defendant GREGORY FUNDING, LLC, a debt collector, was responsible for the supervision of Defendant PADGETT, and is, therefore, vicariously liable for the illegal and improper debt-collection tactics employed by PADGETT.

60. Defendant's false, misleading and deceptive statements are material to the least sophisticated consumer.

61. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

64. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions, and violations of the FDCPA described herein.

### COUNT II - VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA"), 12 U.S.C.A. § 2605 & REGULATION X
**(Individual Claim Against Defendant Gregory Funding)**

65. Plaintiff, on his own behalf repeats and realleges all prior allegations as if set forth at length herein.

66. Plaintiff is a "borrower" entitled to the protections codified at 12 U.S.C.A. § 2605 and Regulation X.

67. GREGORY FUNDING is a mortgage servicer subject to the mandatory requirements of 12 U.S.C.A. § 2605 and Regulation X in relation to the Plaintiff and his Loan.

68. Pursuant to 12 U.S.C.A. § 2605(k)(1)(E), GREGORY FUNDING had a legal duty to timely "to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." The foregoing includes:

   a. the CFPB's promulgation of Reg. Z, § 1026.10(a) under TILA to enforce timely application of a borrower's periodic payments.

   b. the CFPB's promulgation of Reg. Z, under RESPA, § 1024.38(b)(1)(ii) to investigate, respond to, and, as appropriate, make corrections in response to complaints asserted by a borrower.

69. Pursuant to 12 U.S.C.A. § 2605(k)(1)(C), GREGORY FUNDING has a legal duty to take timely action to avoid foreclosure in relation to Plaintiff. Yet, as discussed herein, GREGORY FUNDING ignored its predecessor servicer's errors and a judgment based thereon and continued to improperly apply his periodic payments and assess improper charges based thereon. As a result, Plaintiff now faces the real risk of foreclosure that could have been avoided but for the untimely, unfair, and deceptive conduct of the Defendants.

70. PADGETT is vicariously liable for the acts and omissions of GREGORY FUNDING acting on its behalf to foreclose upon Plaintiff for a default artificially created by GREGORY FUNDING in violation of RESPA and Regulation X and Regulation Z.

71. As a direct and proximate result of these RESPA and Regulation X violations, Plaintiff is entitled to actual and statutory damages pursuant to 12 U.S.C.A. § 2605 and Regulation X described *supra* based upon its pattern and practice of violating RESPA and Regulation X.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demands trial by jury on all issues so triable.

## **PRAYER**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. As to Count I:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding pre-judgment interest;

5. Awarding post-judgment interest.

6. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

7. Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

B. As to Count II:

1. Award a total sum of actual damages, attorney fees, and costs to Mr. Nelson equal to a sum in excess of $75,000 each under RESPA and Regulation X;

2. Award statutory damages to Plaintiff pursuant to RESPA and Regulation X in the sum equal to $2,000;

3. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

4. Provide such other or further relief as the Court deems appropriate.

Dated: July 18, 2023

*/s/ Robert P. Cocco*
Robert P. Cocco, Esq. (I.D. No. 61907)

        Law Offices of Robert P. Cocco, P.C.
        1500 Walnut Street, Suite 900
        Philadelphia, Pennsylvania 19102
        (215) 351-0200 telephone
        (215) 827-5403 facsimile
        bob.cocco@phillyconsumerlaw.com


*/s/ Sean P. Mays*
Sean P. Mays, Esq. (I.D. No. 307518)
The Mays Law Firm, P.C.
65 W. Street Road, Suite B102
Warminster, PA 18974
(215) 792-4321 telephone and fax
sean@maysfirm.com